WILLIAM H. WHITEHEAD

v.

EUGENE W. ALEXANDER ET AL.

JURISDICTION—FREEHOLD.—Where a bill in chancery is filed, alleging that shortly before complainant obtained the judgment therein mentioned, the defendant was the owner of certain land, but that he had conveyed the same for the purpose of defrauding complainant, the question of freehold is involved, and the Appellate Court has no jurisdiction.

APPEAL from the Superior Court of Cook county. Opinion filed December 13, 1880.

This was a bill in chancery brought in the Superior Court of Cook county, by William H. Whitehead, against Eugene Alexander, Edward P. Reser, Payton R. and Frank R. Chandler, the bill alleging that at the October term, 1879, viz: of October 8, 1879, complainant recovered a judgment against said Alexander for the sum of four thousand seven hundred and two dollars and eight cents; that said judgment remaining in full force and effect and unsatisfied, complainant on the——day of October, A.D. 1879, for the purpose of obtaining satisfaction of said judgment, sued and prosecuted out of said court a writ of *fieri facias*, directed to the sheriff of the county of Cook, that being the county in which said defendant resided, by which said writ the said sheriff was commanded that of the goods and chattels, lands and tenements of the said defendant, Eugene W. Alexander, in his county, he should cause to be made the sum which complainant in said court had recovered against the said Eugene Alexander, and have said money at the clerk's office of said court in ninety days from the date or said writ, to satisfy the judgment so recovered by complainant as aforesaid; that said writ was delivered to the sheriff of said county on the 14th day of October, 1879, to be by him executed in due form of law. The bill then shows that, Oct. 30, 1879, said sheriff made a demand on said defendant for

money or property to satisfy said execution, and the sheriff being unable to find any property subject to levy, he, by directions of plaintiff's attorney, returned said writ in no part satisfied.

The bill then proceeds in the usual form, for the purpose of compelling discovery of property and things in action belonging to said Alexander, and property and money and things in action due to him and held in trust for him; also alleges that said Alexander shortly before the rendition of the judgment was, or claimed to be, the owner of lot twenty of Fowler and Bodin's Sub. of the W. 26½ acres of the Northwest quarter of Section 11, lying north of Lake street, in town 39 north, range 12, east of the 3d principal meridian; and charges that he conveyed it to defendant Reser for a grossly inadequate consideration as a pretense and sham, colorable only, and made with a view to defraud complainant. The bill charges that Reser and the Chandlers have property and effects in their hands belonging to Alexander; prays discovery, and that said conveyances may be set aside.

The defendant demurred to the whole bill, which the court sustained, and dismissed the bill. The complainant brings the case here by appeal.

MR. E. J. WHITEHEAD, for appellant.

MR. A. C. STORY, for appellee.

McALLISTER, P. J.    The bill in this case alleges that shortly before the recovery by the complainant of the judgment against the defendant Alexander, the latter was the owner of certain real estate, particularly describing it, and that September 20, 1879, said Alexander and wife conveyed the same by warranty deed, to the defendant Reser, which conveyance was upon a grossly inadequate consideration, colorable only, and a fraud upon the rights of complainant; the bill praying for discovery in respect to said real estate, and that upon the hearing of the cause, said deed may be vacated and declared null and void.

The case, as made by the bill, is one in which a freehold was involved within the meaning of section 88 of the Practice Act, as amended in 1879, defining the jurisdiction of the Supreme and Appellate Courts in respect to appeals and writs of error. The appeal in this case should, therefore, have been taken directly to the Supreme Court, and this court has no jurisdiction. Patterson v. McKinney, 6 Bradwell, 394. The appeal must be dismissed, for want of jurisdiction.

Dismissed.